1998 OK CIV APP 19

1998 OK CIV APP 19

**In the Matter of the ESTATE OF J.C. KING, Deceased.**

**Zelma KING, individually, and Bernice Unsell, as Conservator of the Estate of Zelma King, Appellants,**

v.

**Sharon GILBERT, Appellee.**

No. 88857.

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 10, 1998.

Vernon D. Hyde, Oklahoma City, for Appellants Unsell and King.

Deborah E. Fortune, Oklahoma City, for Appellant King.

Anita F. Sanders, Oklahoma City, for Appellee.

### OPINION

HANSEN, Judge:

¶1 Appellants, Zelma King, individually, and Bernice Unsell, as conservator of the estate of Zelma King, seek review of the trial court's order denying their motion to substitute Unsell, in her capacity as conservator, as a party in place of King in the probate of the estate of King's deceased husband, J.C.

King.[1] Appellee, Sharon Gilbert, the daughter of Zelma King and J.C. King, objected to the motion, asserting Unsell had not been validly appointed conservator because Gilbert had received no notice of such a proceeding pursuant to 30 O.S.1991 § 3–110. Unsell admitted Gilbert was given no notice, but argued she was appointed conservator by reason of King's physical disability pursuant to 30 O.S.1991 § 3–211, which did not require notice to Gilbert. Unsell submitted a copy of her Letters of Conservatorship, which stated,

> BERNICE UNSELL is hereby appointed as conservator of the estate of Zelma King, a disabled person. From this date forward, the ward shall not have power to contract, except for necessaries.

The trial court denied the motion to substitute parties without stating its reasons.

¶ 2 The appointment of guardians and conservators is controlled by the Oklahoma Guardianship and Conservatorship Act (Act), 30 O.S.1991 § 1–101 through 5–101. Section 3–110(A)(2) provides the notice requirements for appointment of a guardian for an incapacitated or partially incapacitated adult. It requires "all adult children of the subject" must be given notice. Section 3–211(2) and (3) authorizes the appointment of a conservator when a person "is, by reason of physical disability only, unable to manage his property," and that person "voluntarily consents" to the appointment. It requires notice to that person and to "such other persons and in such manner as the court directs."

■ ¶ 3 Gilbert argues the notice requirements of § 3–110 apply to conservatorships because § 3–215 provides, "All laws relative to the jurisdiction of the court over the estate of a person under guardianship as an incapacitated or partially incapacitated person ... shall be applicable to the estate of a person under conservatorship." In applying statutes, we seek to discern and give effect to the intent of the Legislature as expressed by the plain language of the statute. *Curtis v. Board of Educ. of Sayre Public Schools,* 1995 OK 119, 914 P.2d 656, 659. Generally, the expression of one thing excludes the other, *Atkinson v. Halliburton*

*Co.,* 1995 OK 104, 905 P.2d 772, 776, and where two statutes conflict, the one addressing a specific situation will control over one of general applicability, *Lindsey v. Kingfisher Bank & Trust Co.,* 1992 OK 66, 832 P.2d 1, 3. Sections 3–110 and 3–211 provide for conflicting notice requirements; the latter addresses a more specific situation than the former, to wit, conservatorship over the property of a consenting person who is not incompetent but is unable because of physical disability to manage his or her own property. The notice requirements of § 3–110 do not apply to conservatorships under § 3–211. Because Unsell was appointed conservator pursuant to § 3–211, notice to Gilbert was not required. Her appointment is valid on its face.

■ ¶ 4 Pursuant to § 3–215, a conservator has the same powers and duties required of a guardian under the Act. A guardian is required to "appear for and represent the ward in all legal suits and proceedings." 30 O.S.1991 § 4–702. However, a conservator for a legally competent but disabled ward is not among those listed in 12 O.S.1991 § 2017(A) as being authorized to "sue in his own name without joining with him the party for whose benefit the action is brought." Such a conservator cannot be substituted for the ward because the ward, being competent, remains the real party in interest. Therefore, the trial court properly denied the motion to substitute parties.

¶ 5 We note that the issue of Unsell's right to joinder under 12 O.S.1991 § 2019 is not before us. Nothing in this opinion prevents Unsell from seeking relief thereunder.

¶ 6 The order of the trial court denying the motion to substitute parties is

AFFIRMED.

BUETTNER, P.J., and ADAMS, J., concur.

---

**1.** This appeal is brought pursuant to 58 O.S.1991 § 721(10), which provides for appeal as of right for any order in a probate case which affects a substantial right.